PJR/tab					Our File No. 5574-25054

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARIA CARLSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 C 1967 |
| ) | Judge Elaine E. Bucklo |
| P.O. KEVIN RAMIREZ and P.O. NORRIS ) | Magistrate Jeffrey Cole |
| ) | |
| Defendants. ) | |

### DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COMES the defendant, KEVIN RAMIREZ, by his attorneys, DOWD & DOWD, LTD., and pursuant to FRCP 50, moves for judgment as a matter of law as to all counts remaining in the plaintiff's complaint. In support thereof, the defendant states as follows:

### I.   INTRODUCTION

Plaintiff's complaint comprises two counts, unlawful arrest and malicious prosecution. Kevin Ramirez has filed an answer in which he denies the material allegations contained in the complaint and has also asserted a number of affirmative defenses, including qualified immunity.

### II.   LEGAL STANDARD

Judgment as a matter of law is proper only where there is no legally sufficient basis for a reasonable jury to find for the non-moving party. Zimmerman v. Chicago Board of Trade, 360 F.3d 612, 623 (7th Cir.2004). In considering a rule 50(a) motion, the court is required to view the evidence in the light most favorable to a non-moving party

1

and must all draw all reasonable inferences to the party's favor. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150-51, 120 S.Ct. 2097. The court is not authorized to weigh evidence or make credibility determinations and may not substitute its view of the contested evidence for the juries. Zimmerman, 360 F.3d at 623.

### III. SINCE CARLSEN IS UNABLE TO ESTABLISH THE ELEMENTS OF HER UNLAWFUL ARREST CLAIM.

In Count I, Carlsen invokes the Fourth Amendment and claims that she was arrested without probable cause. This claim must necessarily fail inasmuch as she is unable to establish the requisite elements of that claim.

Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment or malicious prosecution. Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir.2006). Even if the officers acted upon some malicious motive, such as racism, the existence of probable cause serves as an absolute bar to liability under Section 1983 (Id.).

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation. Schultz v. Baumgart, 738 F.2d 231, 238 (7th Cir.1984); Vance v. Peters, 97 F.3d 987, 991 (7th Cir.1996). The focus must be on whether any of the defendants had the personal involvement necessary to admit a finding of liability. Id at 992.

Although Carlsen sued Officer Ramirez, she testified that he was not responsible for her arrest but rather some other unknown officer actually arrested her and was the primary moving force behind the alleged Fourth Amendment violation. At both her deposition and at trial, Carlsen admitted that Officer Ramirez was not the officer who

presented her. Initially, she even denied encountering him or otherwise speaking to him during the course of the events which lead up to her arrest. Accordingly, if accepted as true, her testimony shows that Officer Ramirez was not responsible for the alleged deprivation. None of the witnesses Plaintiff called offered testimony which, if accepted as true, would show that Officer Ramirez effected the arrest.

In response to a request made by the Village's dispatcher, Laura Etcheson, Officer Ramirez walked out to the station lobby to speak with the plaintiff. The plaintiff immediately confronted him and acted in a belligerent and aggressive manner. He advised the plaintiff to step back and calm down but she instead continued her belligerent and provocative behavior. Ramirez placed the plaintiff under arrest after she repeatedly thrust her finger within a few inches of his face. In view of these facts, probable cause existed to arrest Plaintiff for aggravated assault on a police officer. Inasmuch as probable cause is an absolute bar to an unlawful arrest claim, Officer Ramirez is entitled to judgment as a matter of law as to Count I of the complaint.

## IV.  KEVIN RAMIREZ IS ENTITLED TO QUALIFIED IMMUNITY AS TO PLAINTIFF'S FOURTH AMENDMENT CLAIM (COUNT I).

The issue of qualified immunity is a question of law for the court to decide. Alvarado v. Picur, 859 F.2d 448, 450 (7th Cir.1998). In determining whether a defendant is entitled to qualified immunity, the courts employ a two-step analysis. First, the court must determine whether the allegations contained it the complaint set forth a constitutional violation. If such a violation did occur, the court must then determine whether the right was so clearly established at the time of the alleged constitution that a reasonable officer would have known his actions were unconstitutional. Saucier v. Katz, 533 U.S. 194, 202, 121 S.Ct. 2151 (2000). The Supreme Court recognized that law

enforcement officials will, in some cases, mistakenly conclude that probable cause is present and is such cases, those officials should not be held personally liable. Anderson v. Creighton, 483 U.S. 635, 641, 107 S.Ct. 3034 (1997). Even if a police officer violates the Fourth Amendment, he is entitled to qualified immunity "for action taken during a stop or arrest 'insofar as his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known'". Smith v. City of Chicago, 242 F.3d 737, 742 (7th Cir.2001). The doctrine of qualified immunity operates to grant an officer for reasonable mistakes as to the legality of his action. Saucier, 533 U.S. at 206. Officers can have reasonable but mistaken beliefs as to the facts establishing the existence of probable cause or exigent circumstances and in those circumstances, would "hold that the officers had not violated the constitution". Id. at 206. Within the context of qualified immunity, the relevant inquiry is whether a reasonable office could have believed that probable cause existed to make the arrest. Saucier, 533 U.S. at 206; Hunter v. Bryant, 502 U.S. 224, 229, 112 S.Ct. 534 (1991).

Although qualified immunity is a defense to a Section 1983 action, it is the plaintiff who bears the ultimate burden of proof "because it is the plaintiff who must establish a constitutional violation". Ebersole v. Steele, 59 F.3d 710, 717 (7th Cir.1995). Qualified immunity gives ample room for mistakes in judgment by protection "all but the plainly incompetent or those who knowingly violate the law". Hunter, 502 U.S. at 229. A case should not be permitted to go to trial if there is any reasonable base to believe that probable cause existed. McDonnel v. Curnia, 90 F.2d 963, 968 (7th Cir.1993).

In order to receive qualified immunity protection, an officer need not establish actual probable cause but only "arguable probable cause'. Frye v. Kansas City, Missouri

4

Police Department, 375 F.3d 786, 792 (8th Cir.2004). Arguable probable cause is a more lenient standard than probable cause. Knight v. Jacobson, 300 F.3d 1272, 1274 (11th Cir.2002). Arguable probable cause exists when a reasonable police officer faced with the same circumstances and with the same knowledge as the officer in question could have reasonably believed that probable cause existed in light of well established law". Humphrey v. Staczyk, 148 F.3d 719, 725 (7th Cir.1998).

Even if Carlsen should establish the violation of constitutional right, Officer Ramirez is entitled to qualified immunity under the second prong of the inquiry. He had reasonable grounds to believe that the plaintiff had committed the crime of aggravated assault. During his testimony in Plaintiff's case, Officer Ramirez testified that the plaintiff placed him in reasonable apprehension of being struck after she repeatedly thrust her finger toward him and came within 3 to 5 inches of his face. At both her deposition and at trial, Carlsen testified that Ramirez was not the arresting officer and instead, some other unknown officer advised her that she was under arrest. If Carlsen is to be believed, Ramirez did not arrest the plaintiff and his involvement is limited to fingerprinting her and photographing her after she was placed under arrest. Even when viewed in the light most favorable to Carlsen, the evidence shows that Kevin Ramirez's arrest of Plaintiff was based on arguable cause.

## V. OFFICER RAMIREZ IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO PLAINTIFF'S MALICIOUS PROSECUTION CLAIM.

To state a claim for malicious prosecution under Illinois law, Carlsen must allege and prove that (1) she was subjected to judicial proceedings for which there was no probable cause; (2) that Defendants instituted or continued the proceedings maliciously; (3) that the proceedings were terminated in Plaintiff's favor and that there was an injury.

Snead v. Rybicki, 146 F.3d 478, 480 (7th Cir.1998). In order to support an action for malicious prosecution, there must be both malice and a lack of probable cause and both must concur. Turner v. City of Chicago, 91 Ill.App.3d 931, 451 N.E.2d 481 (1st Dist.1980).

Officer Ramirez is entitled to judgment as a matter of law as to Count II because the plaintiff is unable to establish the absence of probable cause. Even if her testimony is accepted as true, Officer Ramirez had absolutely no involvement in her actual arrest and was simply "a schmuck" who signed the report.

Judgment as a matter of law is also appropriate inasmuch as Plaintiff is incapable of establishing the requisite elements of that claim. To state a claim for malicious prosecution under state law, a plaintiff must allege that (1) she was subjected to judicial proceedings for which there was no probable cause; (2) that defendant instituted or continued the proceedings maliciously; (3) that the proceedings were terminated in Plaintiff's favor and there was an injury. Sneed v. Rybicki, 146 F.3d 478, 480 (7th Cir.1998). In order to sustain an action for malicious prosecution, there must be both malice and a lack of probable cause and both must concur. Turner v. City of Chicago, 91 Ill.App.3d 931, 450 N.E.2d 481 (1st dist.1980). As established above, Kevin Ramirez is entitled to judgment as a matter of law because her arrest was based on probable cause. As for malice, the plaintiff is unable to sustain her burden on that element inasmuch as Ramirez has demonstrated that he is entitled to qualified immunity and that the arrest was based on arguable probable cause. Additionally, the plaintiff is unable to produce any evidence which shows that Officer Ramirez pressed charges against her because of some

personal animus. Inasmuch as Plaintiff is unable to establish the element of malice, Officer Ramirez is entitled to judgment as a matter of law as to Count II.

## VI. KEVIN RAMIREZ IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO PLAINTIFF'S PUNITIVE DAMAGES CLAIM.

Although punitive damages may be appropriate in some cases to punish a wrongdoer for his or her outrageous conduct and to deter others from engaging in similar conduct, such awards must be supported by the record and may not constitute merely a windfall to the prevailing party. Ramsey v. American Air Filter Company, Inc., 772 F.2d 1303, 1314 (7th Cir.1985). In State Farm Mutual Insurance Company v. Campbell, 538 U.S. 408, 419 (2003), the Supreme Court provided guidance as to under which circumstances a punitive damages award can be justified in any amount. Specifically, the court explained that "it should be presumed that the plaintiff has been made whole for his injuries by compensatory damages so damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible so as to warrant the imposition of further sanctions to achieve punishment or deterrence. Id. citing BMW of North America, Inc., v. Gore, 517 U.S. 559, 575-77 (1986). Punitive damages may be awarded in a Section 1983 action when the defendant exhibited "reckless or callus disregard, or indifference to, the rights or safety of others. Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625 (1983). Punitive damages are never awarded as a matter of right. Rather, the trier of fact is called upon to make a "moral judgment" that the unlawful conduct warrants such an award to punish the wrongdoer and deter others. Merryweather v. Family Dollar Stores of Indiana, 103 F.3d 576, 52 (7th Cir.1996). Punitive damages are available in 1983 cases only upon a showing of "evil motive or intent" or reckless or callus indifference to the federally protected rights of others. Smith v. Wade, 461 U.S.

30, 56, 103 S.Ct. 1625 (1983). Here, Carlsen is unable to show that Officer Ramirez acted with callus indifference towards her and is likewise unable to show that he acted with an either evil motive or intent. If Carlsen's testimony is accepted as true, she is unable to establish recklessness, callus indifference or evil motive or intent. If Carlen is to be believed, Officer Ramirez was not the moving force behind her arrest but some unidentified "main officer" was the individual who orchestrated and directed the events which lead up to her arrest. Carlsen herself has admitted that Mr. Ramirez is nothing more than a "schmucky fall guy" whose name was placed on the report to protect some other unknown officer. Since Carlsen is unable to establish the requisite elements of her punitive damage claim, Kevin Ramirez is entitled to judgment as a matter of law.

WHEREFORE, Defendant, KEVIN RAMIREZ, prays for entry of an order granting judgment as a matter of law as to all remaining claims.

>                             DOWD & DOWD, LTD.
>
>                        By:  /s/ Patrick J. Ruberry
>                             Attorneys for Defendant, Kevin Ramirez

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 West Fulton Street
Chicago, IL  60661
Tx:  312/704-4400

## **CERTIFICATE OF SERVICE**

I, an attorney, state that Defendant's Motion for Judgment as a Matter of Law was served electronically to all law firms of record via ECF on November 6, 2007.

                                      DOWD & DOWD, LTD.

                  By:     /s/ Patrick J. Ruberry
                            Attorneys for Defendant, Kevin Ramirez

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 West Fulton Street
Chicago, IL 60661
Tx: 312/704-4400